IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSE BALDAUF, | Civil Action |
| Plaintiff, | No. |
| v. | |
| CVS SPECIALTY PHARMACY<br>d/b/a CAREMARK SPECIALTY PHARMACY, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Rose Baldauf, by undersigned counsel, files this Civil Complaint and in support states the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4) and 1343(a)(4) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 and pursuant to Section 7 of the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1); 28 U.S.C. §§1331 and 1343(a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in the Americans with Disabilities Act (ADA) and 29 U.S.C. §626, in that:

   a. Plaintiff filed a timely written charge of discrimination with the Equal Opportunity Employment Commission on **November 14, 2017**.

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated October 18, 2018;

   c. This action was filed with this Court within 90 days of receipt of that Notice.

## II. The Parties

3. Plaintiff Rose Baldauf is an adult individual who resides at 2665 Main Street, White Oak, PA 15131.

4. Defendant, CVS Specialty Pharmacy d/b/a Caremark Specialty Pharmacy ("Defendant") is a Specialty Pharmacy with its principal place of business at 105 Mall Boulevard, Monroeville, PA 15146.

5. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) and is an employer within the meaning of 29 U.S.C. §630(b), because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

6. At all times relevant to this case, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## III. Factual Background

7. Baldauf was employed by Defendant from April, 1989 until July 1, 2017.

8. Baldauf's most recent position was Inside Sales Manager.

9. Baldauf is 58 years old.

10. Baldauf suffers from progressive hereditary ataxia, which substantially limits her mobility.

11. Due to her disability, Baldauf must use a walker and is unable to travel unassisted.

12. After being diagnosed with ataxia in 2015, Baldauf was no longer able to travel on business trips for her job unassisted.

13. Although Baldauf had previously exceeded expectations on her performance appraisals, after informing Defendant of her inability to travel on business trips due to her disability, she was placed on a performance improvement plan in 2016.

14. In May 2017, Baldauf's position was eliminated.

15. When Baldauf was informed that her position was eliminated, she asked her director, Patricia Dicker, about being considered for an Inside Sales Representative position that had recently opened up.

16. Baldauf was qualified for the Inside Sales Representative position as she had worked in that role from 2006 until 2009, and had managed Inside Sales Representatives as an Inside Sales Manager from 2009 until 2017.

17. Director Dicker told Baldauf she could take on the position and instructed her to apply.

18. After the Inside Sales Representative position was posted online, Baldauf applied, and interviewed on July 25, 2017.

19. On July 31, 2017, Baldauf was told that someone else was selected for the Inside Sales Representative Position.

20. When Baldauf asked Dicker on August 4, 2017, why she had not been selected, Dicker only told here that "things were going on behind the scenes that she could not share."

21. The person Defendant hired for the Inside Sales Representative position had no experience in that role, is not disabled, and is under the age of 40.

## Count I
## Americans with Disabilities Act: Discrimination

22. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21 as if fully restated herein.

23. As described above, Plaintiff is an individual with a disability.

24. Plaintiff was qualified for the position of Inside Sales Representative, and could perform all essential functions of the position with or without reasonable accommodations. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. §12111(8).

25. Defendant failed to hire Ms. Baldauf for the Inside Sales Representative position because of her disability, in violation of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(B).

26. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of her disability.

27. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to:

   a. Lost wages and benefits;

   b. Emotional distress, anxiety, humiliation and inconvenience;

   c. Costs and expenses of litigation; and

   d. Attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

   a. Back pay and benefits from August 4, 2017, until the time of trial, with interest;

    b.    An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

    c.    Reinstatement and/or front pay.

    d.    Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

    e.    Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

    f.    A reasonable attorneys fee and costs and expenses of litigation; and

    g.    Such other legal and equitable relief as the Court deems just and proper.

## Count II
## ADEA

28. Plaintiff incorporates by reference the allegations in paragraphs 1 through 27 as if fully restated herein.

29. Defendant failed to hire Baldauf because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

30. Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

    a.    That Defendant be ordered to instate Plaintiff into the Inside Sales position together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the Inside Sales position Defendant failed to hire Plaintiff for on August 4, 2017;

    c.    That Defendant be required to instate Plaintiff's pension standing, including an uninterrupted reinstatement of her seniority and vesting;

    d.    That Defendant be required to provide Plaintiff with front pay in the event instatement is not feasible;

      e.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

      f.      That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

      g.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

      h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

      i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count III
### PHRA

31.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as if fully restated herein.

32.    Defendant's failure to hire Baldauf violated the PHRA, 43 P.S. § 955(a) *et seq*.

33.    As a direct result of Defendant's violation of the PHRA, Baldauf has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience, and humiliation.

WHEREFORE, Baldauf requests the following:

      a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

      b      That Defendant be ordered to instate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

      c.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in

    addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grant Baldauf additional relief as may be just and proper.

    Respectfully submitted,

    **ROTHMAN GORDON, P.C.**

    /s/Samuel J. Cordes
    Samuel J. Cordes
    Emily E. Town

    Pa. I.D. No. 54874 (Cordes)
    Pa. I.D. No. 309881 (Town)

    310 Grant Street
    Third Floor, Grant Building
    Pittsburgh, PA 15219
    (412) 338-1100

    Attorneys for Plaintiff